UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST WELLENER CARTER III AKA TAD CARTER,

                    Plaintiff,

        -against-

MTA POLICE, et al.,

                    Defendants.

18-CV-4916 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

      By order and judgment dated and entered on January 17, 2019, the Court dismissed this *pro se* action as frivolous. On March 20, 2019, Plaintiff filed a motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure, as well as a notice of appeal and a letter. (ECF Nos. 6-8.) For the reasons discussed below, the Court denies the motion.

      Under Rule 4(a)(1)(B)(ii) of the Federal Rules of Appellate Procedure, when at least one of the parties in a civil action is a federal agency, a notice of appeal in that action must be filed within sixty days after entry of the judgment or order appealed from. A district court may grant a limited extension of time to file a notice of appeal if: (1) a party moves for the extension no later than thirty days after the time prescribed by Rule 4(a) expires; and (2) the moving party establishes excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A).

      Courts consider four factors to determine whether a movant has shown excusable neglect: (1) the danger of prejudice to the nonmovant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v.*

*Brunswick Assocs. Ltd. P'shp*, 507 U.S. 380, 395 (1993)). The Second Circuit has taken a "hard line" with respect to determining when excusable neglect occurs. *See In re WorldCom, Inc.*, 708 F.3d 327, 337-38 (2d Cir. 2013); *Silivanch*, 333 F.3d at 368. A litigant who, within the period of time to file a timely notice of appeal, becomes aware of the judgment that he wishes to appeal but who offers no credible reason why he did not file a timely notice of appeal cannot demonstrate excusable neglect. *See Bass v. NYNEX*, No. 02-CV-5171 (DLC), 2004 WL 2674633, at *1, 3 (S.D.N.Y. Nov. 23, 2004); *see also Silivanch*, 333 F.3d at 366 ("[D]espite the flexibility of 'excusable neglect' and the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension, we and other circuits have focused on the third factor . . . .").

Courts have held that unlike excusable neglect, good cause can be found when the fault in filing a late notice of appeal is beyond the movant's control. *See, e.g., Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, No. 04-CV-3600 (SHS), 2010 WL 479658, at *2 (S.D.N.Y. Feb. 5, 2010) ("While excusable neglect applies in situations where there is fault, parties may invoke the good cause standard where the cause for missing the deadline was entirely beyond their control, such as where the Postal Service fails to deliver the notice of appeal.").

Because one of the parties in this action is the Social Security Administration, a federal agency, Plaintiff had until March 18, 2019, to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B)(ii). Plaintiff did not file his notice of appeal until two days later, on March 20, 2019, along with his timely motion for an extension of time to file his notice of appeal*, see* Fed. R. App. P. 4(a)(5)(A)(i), and a letter. But Plaintiff does not allege any facts in his motion, notice of

appeal, or letter that show excusable neglect or good cause for the untimely notice of appeal. Accordingly, the Court denies Plaintiff's Rule 4(a)(5) motion.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's motion for an extension of time to file a notice of appeal brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure.[1] (ECF No. 6.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 1, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[1] The Court notes that on April 8, 2019, the Second Circuit issued two separate orders dismissing Plaintiff's appeal of this action, effective April 29, 2019, unless Plaintiff files an Acknowledgment and Notice of Appearance Form and Form D-P in that court. *See Carter v. MTA Police*, No. 19-692 (2d Cir. Apr. 8, 2019) (Doc. 8 & 9). On April 22, 2019, the Second Circuit issued an order dismissing the appeal, effective May 13, 2019, unless Plaintiff pays the fee to appeal or moves to appeal *in forma pauperis*. *Carter*, No. 19-692 (2d Cir. Apr. 22, 2019).